UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ASHLEY PRICE** ) | |
|        **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **AMERICAN EAGLE AIRLINES INC.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
|        **Defendant.** ) | |
| ) | |

**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through the undersigned counsel, comes **ASHLEY PRICE**, who respectfully requests redress for the following reasons, to-wit:

1.

This is a Civil Action brought pursuant to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et. seq. ("Title VII") and under La. R.S. 23:301, et.seq.  for employment discrimination.

2.

Venue is proper in this district under 38 U.S.C. §4323(c)(2) and 28 U.S.C. §1391(b) because Defendant American Eagle Airlines ("Defendant"), maintains a place of business in this judicial district and a substantial of the events giving rise to the claim occurred. The jurisdictional district encompassing Alexandria, Louisiana is the Western District of Louisiana.

3.

Made defendant herein is **AMERICAN EAGLE AIRLINES**, a foreign insurer authorized to do and doing business in the State of Louisiana and is justly, legally and truly indebted unto your petitioner for the following, to-wit:

4.

This is an action for damages for violations of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §2000, et seq. Jurisdiction is based on 42 U.S.C. §2000e-(f)(3), and 28 U.S.C. §1331.

5.

On December 6, 2006, Petitioner was hired as a station agent for the defendant at its location in Alexandria, Louisiana.

6.

Petitioner was employed as a station agent until March, 2010 when she resigned due to the problems she was experiencing on her job.

7.

On May 9, 2009, Petitioner discovered that she was pregnant with an anticipated due date of January 16, 2010.

8.

Jesse Tobin, the station manager at the time, informed her that she could go on light duty if she started to experience any complications.

9.

In a previous pregnancy, Plaintiff had been placed on light duty.

10.

In June 2009, Jesse Tobin was replaced by Nilsa Moret as station manager and had informed Moret of the Plaintiff's pregnancy and her light duty status.

11.

In July 2009, Plaintiff was working the ticket counter when she was informed by Marilyn Young, lead manager, that she needed to be on the ramp carrying heavy bags and moving a 30 feet air hose.

12.

Plaintiff explained to Young that she was on light duty and could not lift anything heavy.

13.

On that date, Plaintiff was pulled to the side by Moret, Young and Angela McMillian, the lead agent, was told that if she was in fact ill that she needed to be placed on maternity leave for eight weeks without pay.

14.

In August 2009, Plaintiff was told by McMillian that she was able to lift bags and to go on the ramp because they were short handed. At the time, Plaintiff was four months pregnant.

15.

On several other occasions, Plaintiff was demanded to go on the ramp and lift heavy bags when they were short handed.

16.

On October 22, 2009, Plaintiff was to attend a training class in Dallas, Texas when she began to experience nausea and a headache.

17.

On October 22, 2009, Plaintiff informed her employer of her illness and that she would not be able to go to Dallas on that date but would attend the class the following day.

18.

Plaintiff was told she was faking an illness and that if she did not attend the class, she would be in trouble and that she was causing complications because they had already had someone to fill in for her on that date.

19.

On October 22, 2009, Plaintiff was admitted to Rapides Regional Hospital in Alexandria, Louisiana with complications involving her pregnancy.

20.

On October 24, 2009, Plaintiff went into premature labor and gave birth to a baby girl.

21.

Plaintiff went on maturity leave, filed for and was granted medical leave under the Family Medical Leave Act.

22.

Plaintiff's premature labor was caused by a condition called stress induced toxemia, a medical condition that affects pregnant women.

23.

In March, 2010, Plaintiff submitted her two week notice to the Defendant and resigned on March 19, 2010.

24.

In April 2010, Plaintiff attempted to obtain insurance only to discover that her employer said that she resigned on December 22, 2009, the day that her maternity leave was scheduled to end.

25.

Furthermore, Plaintiff alleges that because of the stress induced by not being allowed to on light duty caused her to deliver her child prematurely.

26.

That since her birth, the minor child has had severe medical problems.

27.

Such acts constitute intentional infliction of emotional distress so much that the Plaintiff has sough medical treatment for her condition as well as the condition for her infant daughter contributed by both physical and mental stress.

28.

The acts of the employees and supervisors of the Plaintiff contributed to the hostile work environment.

29.

The actions and/or inactions of the defendants caused Plaintiff severe emotional distress, mental anguish and compensatory damages, back pay, benefits, front pay, and attorney fees and costs, past and future lost wages and benefits, humiliation, embarrassment, medical expenses, together with such other damages as will be more fully shown at trial of this matter.

30.

Plaintiff prays for a jury trial on all issues and asserts damages would be in excess of the requisite amount for a jury trial.

31.

The EEOC received timely charges of discrimination filed by the Plaintiff, Charge Number 461-2010-00748 in which the Plaintiff alleged discrimination under Title VII of the Civil Rights Act of 1964.  Plaintiff was issued a right to sue letter which is attached as Exhibit 1.

WHEREFORE premises considered Petitioner, **ASHLEY PRICE**, prays that citation and service be made on the defendant, **AMERICAN EAGLE AIRLINES**, herein and that after all legal delays and due proceedings are had, the defendant be ordered to pay all benefits to which the claimant is entitled as well as all reasonable attorney fees and costs incurred in connection with this litigation, and for all other general and equitable relief.

Respectfully submitted,

/s Tamara S. Battles
TAMARA S. BATTLES
Bar Roll No. 31031
1605 Murray Street, Suite 124
Alexandria, LA 71301
Telephone: (318) 449-8849
Facsimile: (318) 449-8842

ATTORNEY FOR **ASHLEY PRICE**