UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **ASHLEY PRICE** | : | **DOCKET NO. 1:10CV0904** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **AMERICAN EAGLE AIRLINES INC.** | : | **MAGISTRATE JUDGE KIRK** |

SCHEDULING CONFERENCE ORDER

  A FRCP 16(b) scheduling conference will be held in the captioned matter by telephone on **October 25, 2010 at 2:00 p.m.** Counsel for plaintiff is responsible for initiating a conference call at that time to include all counsel of record ATTORNEYS ONLY (and the office of Magistrate Judge Kirk at 318-473-7510). **IN ACCORDANCE WITH LR 41.3W PARTIES ARE HEREBY NOTIFIED THAT THE COURT IS CONSIDERING DISMISSING PARTIES WHO HAVE NOT BEEN SERVED OR WHO HAVE NOT ANSWERED**.

  Prior to the above conference all counsel shall:
1) Make the initial disclosures required by FRCP 26(a)(1);
2) Confer with opposing counsel and develop a proposed plan for discovery in accordance with FRCP26(f) **which shall not be filed with the Court**.
3) Discuss the subjects set out in FRCP 16(c).
4) Discuss whether all are willing to consent to trial by the undersigned magistrate judge.[1] Any party is free to not consent to the exercise of such jurisdiction by the magistrate judge without adverse substantive consequences. However, **all parties shall indicate their election on the attached form and return it at least 20 days prior to the scheduling conference** to the Clerk of Court, 300 Fannin St., Suite 1167, Shreveport, LA 71101. If any party(ies) elect not to consent to magistrate jurisdiction, they are free to later elect to consent to said jurisdiction. If all parties so consent, the judge may refer the case to the magistrate judge for all further proceedings.
5) Discuss whether any modification to the cutoff dates set forth in the court's standing pretrial order are needed. If counsel agree to modifications they shall submit a proposed order documenting the agreed modifications at least 7 calendar days prior to the conference.
**6) JUDGE TRIMBLE DOES NOT REQUIRE PARTIES TO FILE OR SUBMIT PLANS OF WORK, PLANS FOR DISCOVERY OR 26(F) REPORTS AND, ACCORDINGLY, NONE SHOULD BE FILED OR SUBMITTED.**

  A trial and pretrial date (if requested) will be selected at the scheduling conference.

  Alexandria, Louisiana, this 17th day of September, 2010.

                          BY: MARCIA LELEUX, DEPUTY CLERK

---

[1] Upon consent of all parties the magistrate judge is available to conduct all proceedings in this matter including, if otherwise available, a civil jury trial. See 28 USC § 636(c). In order to protect the voluntariness of consent, the parties are instructed not to discuss such consent during the above scheduled conference with the undersigned unless all parties have previously indicated their desire to consent. In the event all parties have so consented counsel should advise the undersigned of that fact at the scheduled conference.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **ASHLEY PRICE** | : | **DOCKET NO. 1:10CV0904** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **AMERICAN EAGLE AIRLINES INC.** | : | **MAGISTRATE JUDGE KIRK** |

**PRETRIAL STATEMENT**

F I L I N G   I N S T R U C T I O N S:

1. TO BE SUBMITTED NOT LESS THAN THIRTY (30) DAYS BEFORE TRIAL.
2. FILE ORIGINAL ELECTRONICALLY, WITH A COURTESY COPY TO JUDGE JAMES T. TRIMBLE, JR., 515 MURRAY STREET, SUITE 211, ALEXANDRIA, LA 71301.

Counsel for _____ submits the following Pretrial Statement to the Court and opposing counsel.

    1. Jurisdiction (Counsel for plaintiff should state the basis for the Court's jurisdiction. If any party questions the jurisdiction of the Court, the jurisdictional question and a brief recitation of supporting authority should be set forth here.):

    2. Additional Pleadings (List any additional pleadings that you intend to file prior to trial.):

    3. Pending Motions (List any pending motions and set forth the status of each.):

    4. Brief Summary of Case by _____ (Each party should set forth a brief summary of his case.):

5. <u>Issues of Fact</u>  (Each party should here list the principal, factual issues in this case.)

6. <u>Issues of Law</u>  (Each party should here make a brief statement of the legal issues that he will present to the Court at trial and the legal authority for his position.):

7. <u>List of Witnesses</u>, except impeachment witnesses but including rebuttal witnesses, with their addresses.  The parties shall divide their witnesses into "will call" and "may call" witnesses.  Any party listing a person on his "will call" list shall bear the responsibility of producing that witness at trial.  At trial, should any party fail to call any witness on his "will call" list, any other party may call that person as his own witness, even if he did not list the person on his witness list.

<u>WILL CALL WITNESSES</u>:

<u>MAY CALL WITNESSES</u>:

8. <u>Exhibits</u> (Each party should list the exhibits which he intends to introduce.  All exhibits so listed shall be made available to all counsel who shall examine and make known any objections to authenticity or admissibility fourteen (14) days prior to the commencement of trial.  Any exhibits not listed may not be offered unless by agreement of counsel or for good cause shown.):

9. <u>Depositions</u>  (List all depositions which may be offered in whole or in part.  If in part, state the part which will be offered by page and line numbers.  Opposing counsel shall make known any objections fourteen (14) days prior to the commencement of trial.):

10. <u>Stipulations</u>  (State any stipulations that have already been agreed to by counsel.):

11. <u>Probable Length of Trial</u>:      _____ days.

12. <u>Other Matters</u>  (List any other matters which counsel believes should be brought to the

attention of the Court or opposing counsel.

Date:_____        _____
                                                  (Type Name)

                          Attorney for _____
                                                 (Name of Party)

**COMPLIANCE WITH THIS PRETRIAL STATEMENT IS MANDATORY AND FAILURE TO SO COMPLY MAY RESULT IN APPROPRIATE SANCTIONS BY THE COURT.**

                                       _____
                                       **JAMES T. TRIMBLE, JR.**
                                       **UNITED STATES DISTRICT JUDGE**


                          CERTIFICATE

I HEREBY CERTIFY that I am the chief trial attorney and that I have mailed or delivered a copy of this Pretrial Statement to the attorneys listed below not less than thirty (30) days prior to the date that this case is fixed for trial.

                          _____

                          _____, Louisiana

                          this _____ day of _____, 20__


                          _____
                                         (Type Name)

                          Attorney for_____
                                         (Name of Party)



IN THE UNITED STATES DISTRICT COURT FOR
HE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION
MONROE DIVISION

**************************

Standing Order Governing Pretrial Procedure
in Civil Cases Assigned to Judge Trimble and
Magistrate Judge Kirk or Magistrate Judge Hayes
**Effective September 25, 2009**

    The Court establishes the following rules for civil actions assigned to Judge James T. Trimble, Jr. and/or referred to Magistrate Judge James Kirk or Magistrate Judge Karen Hayes for trial.

I.    In the absence of a specific order of court to the contrary, the following deadlines apply:

    A.    <u>Motions</u>: All dispositive motions must be filed no later than ninety (90) days prior to the trial date; untimely motions shall be referred to the merits and will be resolved on the evidence presented at trial.  If the trial date is continued, the burden lies with the moving party to timely obtain an order refixing the motion for hearing at the Court's next regular motion day.  <u>Daubert</u> motions shall be filed at least sixty (60) days prior to trial unless leave of court is obtained based on a showing of <u>good</u> cause. Motions in limine shall be filed at least thirty (30) days prior to trial unless leave of court is obtained based on a showing of <u>good</u> cause.

    B.    <u>Discovery</u>: The court will not compel discovery sought later than one hundred twenty (120) days prior to trial nor consider motions to compel or for a protective order filed later than ninety (90) days prior to trial.

    C.    <u>Physicians' Reports</u>: Reports of physicians' examinations must be furnished to opposing counsel no later than sixty (60) days before trial; if this deadline is not met, the physician concerned will not be permitted to testify at trial over objection.

          If plaintiff's physician examines plaintiff within the 60 days of the trial date, said physician shall  furnish to plaintiff's counsel as soon as possible, a report of such examination.  Plaintiff's counsel shall immediately forward a copy of such report to opposing counsel.  If any such report contradicts prior reports and/or deposition testimony of the physician involved, opposing counsel will have the right to depose said physician notwithstanding the deadlines contained in Paragraph B above.  if the foregoing occurs, same may be grounds for continuing the trial if the interests of justice so indicate.

    D.    <u>Other Expert Reports</u>: The plaintiff shall furnish the names and written reports of the experts that he intends to call at trial to opposing counsel no later than one hundred twenty (120) days before trial and the defendant shall furnish the names and written reports of the experts that he expects to call no later than ninety (90) days before the trial; if the deadline is not met, the expert witness concerned will not be permitted to testify at trial as an expert over objection.

    E.    <u>Surveillance Evidence</u>:

1. A party must make a timely request for discovery of surveillance evidence. Timeliness means that this request must be made prior to the end of the discovery deadline. If no timely request is made, the evidence will not be excluded due to respondent's failure to comply with the following requirements.

2. A party need not respond to the discovery requests for surveillance evidence and need not indicate whether there exists any such evidence until five (5) days prior to trial. On or before the deadline, if the respondent intends to offer surveillance evidence at trial, then he shall turn over to requesting party all surveillance evidence depicting the same subject which is in respondent's possession or control. In that event, respondent shall also identify individual(s) who will be necessary to lay a proper foundation. Respondent's failure to comply with this section will result in the exclusion of the surveillance evidence, except for good cause shown.

3. The respondent has the right to depose or redepose the individual who may have been the subject of the surveillance prior to responding to the discovery request. This deposition shall be made upon reasonable notice to all parties, and shall be limited in scope to impeachment issues and updating any previous deposition.

4. If a timely request for discovery of surveillance evidence has been made as required by subsection (1) above, any party who intends to offer surveillance films or video tapes into evidence at trial shall meet with all other parties to edit the material and agree on the portions to be shown. If agreement cannot be reached, appropriate motions in limine shall be filed with the Clerk of Court and a copy delivered to the trial Judge's chambers no later than three (3) days before trial.

F.  Pretrial Statements: Each party must file a pretrial statement no later than seven (7) days prior to the pretrial conference if a pretrial conference has been requested, otherwise the pretrial statements will be due thirty (30) days before trial. The statements are to be submitted independently by each party, and need not be signed jointly by counsel for other parties unless the parties desire to set forth any joint stipulations prior to trial.

G.  Witness Lists: Each party must provide opposing counsel with a list of "may call" witnesses not later than 30 days before trial. A list of "will call" witnesses must be filed, and opposing counsel served with a copy, no later than ten (10) days before trial. A witness, other than a witness used exclusively for impeachment, not so listed will not be permitted to testify at trial over objection.

H.  Exhibit Lists: Each party must file a list of exhibits with the Clerk of Court in Alexandria, Louisiana, and serve a copy on opposing counsel, no later than thirty (30) before trial; an exhibit not so listed will not be admitted into evidence at trial over objection; the Clerk will not accept exhibits before trial; exhibits will be accepted by the Clerk only when introduced in the normal course of trial. If copies of original documents are to be substituted for trial exhibits, the copies must be made available at the time the original is introduced as an exhibit.

I.  Jury Charges/Verdict Form: When a trial is to be held before a jury, counsel for all parties shall confer and prepare proposed joint jury instructions. If counsel are unable to agree as to any specific jury instruction, a separate proposal for such instruction may be submitted. If a separate proposal is submitted, it shall be supported by a memorandum of authorities. The joint and separate proposed jury instructions and verdict form shall be filed with the Clerk of Court and a copy shall be provided to Judge Trimble at least seven (7) calendar days in advance

               of the date on which the jury trial is scheduled.

      J.      <u>Exhibits in Jury Trials</u>: In a civil case counsel will provide 10 copies of all exhibits that counsel wishes to display to the jury during presentation of their case so that the Court, the Clerk, and each juror will have a copy.

II      <u>Conferences</u>:

      A.      <u>Pretrial Conferences</u>: Pretrial Conferences will not be routinely scheduled. If there are foreseeable evidentiary or other problems which would make a pretrial conference desirable, please contact Judge Trimble's chambers within sixty (60) days of the assigned trial date. If no pretrial conference is requested, the pretrial statements referred to in this Standing Order will be due no later than thirty (30) days prior to trial. You may call the judge's chambers at any time to determine your place on the docket. It is suggested that you do so at least the Thursday prior to the scheduled trial date by which time a docket should be ascertained.

      B.      <u>Settlement Conferences</u>: In Judge Trimble's cases, if a settlement conference would be helpful, please contact the appropriate judge or magistrate judge as listed below:
Judge James T. Trimble, Jr., 515 Murray, Suite 211, Alexandria, LA 71301; 318-473-7375
Magistrate Judge James Kirk, 515 Murray, Suite 331, Alexandria, LA 71301; 318-473-7510
Magistrate Judge Karen Hayes, 201 Jackson, Suite 307, Monroe, LA 71201; 318-388-6036

III.      <u>Continuances</u>:

      A.      <u>Trial Date</u>: The continuance of the trial date automatically relieves the parties from the effect of the deadlines set forth in Rule I. That is, the date on which the case was set for trial before the continuance will no longer serve as the reference date for applying the deadlines. When the continued case is again set for trial, the Rule I deadlines will be figured from the new trial date. Note that duplicates of papers submitted previously in compliance with Rule I subparagraphs (A) through (I) for a (subsequently continued) trial date need not be resubmitted for the new trial date unless the party wishes to supplement or amend those papers. Yet, any such supplements or amendments must be submitted in accordance with the deadlines applicable for the new trial date under Rule I.

      B.      <u>Pretrial Conference</u>: The continuance of the trial date automatically upsets the pretrial conference date, if one has been set. Such requested pretrial conference will be rescheduled at the time the trial of the matter is rescheduled at the request of counsel.

IV      <u>Filing Instructions</u>:

All materials submitted for filing in the record should be sent to any of the Clerk of Court's five locations within the Western District of Louisiana, unless expedited consideration is necessary. Where expedited consideration is required, the original motion or other paper should be sent directly to Chambers. In most instances, documents should be filed electronically if possible. A courtesy copy of all motions, supporting memoranda, pretrial statements, proposed jury instructions, trial memoranda, and proposed findings and conclusions should be sent directly to Chambers within the time limits for filing of the original paper.

V.      The deadlines set forth in this Standing Order will be extended only on good cause shown and exceptions will be granted only in the interest of justice.

VI.     The Clerk of Court shall attach a copy of this Standing Order to the Scheduling Conference Order sent to counsel or *pro se* litigants in each case.

VII.     <u>Procedure in Selecting Juries</u>:

Eight (8) jurors will be selected from the venire to serve. The judge will conduct the initial voir dire after which he will accept suggested questions from counsel via a bench conference. Counsel will be allowed ten (10) minutes per side (may be modified in complex cases) to personally conduct voir dire. Challenges for cause will be made at a bench conference. A venire of fourteen (14) will be submitted for peremptory challenges after challenges for cause. Challenges will be exercised out of the presence of jury during a recess. The first eight (8) prospective jurors whose names are called and are not challenged will constitute the jury.

VIII.     <u>Exhibits</u>

Exhibits must carry the same unique exhibit number throughout the litigation, including motion practice, depositions and trial. Thus, an exhibit used a trial should carry the same exhibit number assigned to it when it was, for example, attached to a motion for summary judgment. Exhibit numbers need not be sequential, but must be unique and consistent and may not bear a party or witness designation.

<u>Monroe Trial Exhibits</u>

Exhibits, whether in paper or video format, will be displayed to the jury on the electronic monitors in the courtroom. If the exhibits total 25 or more sheets of paper, the exhibits must be placed on CD-ROM. If possible, the parties shall submit their exhibits jointly on one CD-ROM. The exhibit CD-ROM shall be submitted to the courtroom deputy at least ten (10) calendar days before trial. Contact Debbie Dickerson at (318) 322-6470 for special requirements regarding the CD-ROM. An original set of paper exhibits must still be brought to court on the morning of trial.

<u>Alexandria Trial Exhibits</u>

Exhibits, whether in paper or video format, will be displayed to the jury on the electronic monitors in the courtroom. All parties shall submit a list of all exhibits to be used at trial to the courtroom deputy one (1) week prior to trial. If the parties wish to use exhibits on CD-ROM, such CD-ROM shall be submitted to the courtroom deputy at least one (1) week prior to trial. For further instructions and guidelines concerning electronic exhibits, the parties may refer to <u>www.lawd.uscourts.gov.</u> The parties may also contact Marcia Leleux at (318) 473-7417 for further instructions.

IX.     <u>Court Reporter</u>

A court reporter will be provided for all bench and jury trials, as well as for hearings and other such proceedings as the court may require. Counsel for all parties should provide a glossary of the names of all attorneys, parties and witnesses and uncommon terms to the court reporter at least one (1) week prior to trial.

X.     The provisions of this Standing Order shall supersede all standing orders previously issued by the

undersigned.

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ___ day of _____, 20___.

_____
**JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT COURT**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **ASHLEY PRICE** | : | **DOCKET NO. 1:10CV0904** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **AMERICAN EAGLE AIRLINES INC.** | : | **MAGISTRATE JUDGE KIRK** |

**CONSENT TO PROCEED BEFORE A U.S. MAGISTRATE JUDGE**

_____In accordance with 28 U.S.C.; § 636© and Rule 73(b) of the Federal Rules of Civil Procedure, the undersigned counsel of record consents to have a magistrate judge conduct all further proceedings in this case, including bench or jury trial, and order the entry of final judgment.

Signed this _____ day of _____. 20\_\_.

Attorney: _____

List all parties represented: _____

_____

**REFUSAL TO CONSENT TO PROCEED BEFORE A U.S. MAGISTRATE JUDGE**

Undersigned counsel of record refuses to consent to proceed before a U.S. Magistrate Judge pursuant to 28 U.S.C.§ 636©.

Signed this _____ day of _____, 20\_\_\_.

Attorney: _____

List all parties represented: _____

_____

There are no substantive adverse consequences for failing to consent to proceed before a magistrate judge. However, COUNSEL FOR EACH PARTY SHALL MAKE AN ELECTION ON THE ABOVE FORM AND RETURN IT TO THE U.S. CLERK OF COURT, 300 Fannin Street, Suite 1167, Shreveport, LA, 71101 AT LEAST 20 DAYS PRIOR TO THE SCHEDULING CONFERENCE._____

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE