UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **ASHLEY PRICE** | § | **CIVIL ACTION NO. 1:10CV0904** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **JUDGE TRIMBLE** |
| | § | |
| | § | |
| | § | |
| **AMERICAN EAGLE AIRLINES INC.** | § | **MAGISTRATE JUDGE KIRK** |
| | § | |
| **Defendants.** | § | |

**DEFENDANT AMERICAN EAGLE AIRLINES, INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

**COMES NOW, DEFENDANT American Eagle Airlines, Inc.**, ("AE" or "Defendant") and files this Original Answer and Affirmative Defenses to Plaintiff's Complaint for Damages ("Complaint") stating as follows:

**I.**
**RESPONSE TO PLAINTIFF'S ALLEGATIONS**

1.  Defendant admits that Plaintiff has brought a Civil Action pursuant to the provision of Title VII of the Civil Rights Act of 1964, as amended, and under the La.R.S. 23:301, *et seq*. as alleged in paragraph one of Plaintiff's Complaint. Defendant, however, denies any allegation that it violated either Title VII of the Civil Rights Act of 1964, as amended, or the La.R.S. 23:301, *et. seq*.

2.  To the extent that Plaintiff has stated a claim for which relief can be granted, Defendant admits that, based on the facts currently alleged in Plaintiff's Complaint, venue is proper in this district as alleged in paragraph two of Plaintiff's Complaint. To the extent that Plaintiff has stated a claim for which relief can be granted, Defendant admits that it maintains a place of business in this judicial district; however, Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegation that "a substantial of the events giving rise to the claim occurred," and therefore denies the allegation on that basis. Defendant further admits that the jurisdictional district encompassing Alexandria, Louisiana is the Western District of Louisiana.

3. Defendant admits that it is a foreign corporation authorized to do business in the State of Louisiana. Defendant, however, denies that it is an insurer and that it is justly, legally and truly indebted to Plaintiff, as alleged in paragraph three of Plaintiff's Complaint.

4. Defendant admits that Plaintiff has purported to bring an action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and admits that Plaintiff purports to base jurisdiction on 42 U.S.C. § 2000e-(f)(3) and 28 U.S.C. § 1331, as alleged in paragraph four of Plaintiff's Complaint. Defendant, however, denies any allegation that it violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, and denies any remaining allegations in paragraph four of Plaintiff's Complaint.

5. Defendant admits that Plaintiff was hired as a station agent in Alexandria, Louisiana on December 6, 2006 as alleged paragraph five of Plaintiff's Complaint.

6. Defendant admits that Plaintiff was employed as a station agent until her resignation on March 19, 2010. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph six of Plaintiff's Complaint, and therefore denies them on that basis.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph seven of Plaintiff's Complaint, and therefore denies them on that basis.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph eight of Plaintiff's Complaint, and therefore denies them on that basis.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph nine of Plaintiff's Complaint, and therefore denies them on that basis.

10.     Defendant admits that Nilsa Moret became station manager in June 2009, replacing Jesse Tobin.  Defendant denies the remaining allegations in paragraph ten of Plaintiff's Complaint.

11.     Defendant admits that because Plaintiff's doctor reported on multiple occasions that Plaintiff could work without restrictions, Plaintiff was required to complete her regular job duties, which included carrying luggage and completing other physical tasks.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph eleven of Plaintiff's Complaint, and therefore denies them on that basis.

12.     Defendant denies that Plaintiff was on light duty.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph twelve of Plaintiff's Complaint, and therefore denies them on that basis.

13.     Defendant admits that Moret told Plaintiff that because Plaintiff's doctor reported on multiple occasions that Plaintiff could work without restrictions, Plaintiff could not be on light duty and would have to complete her regular job duties.  Defendant also admits that Moret gave Plaintiff the option of beginning her maternity leave if she did not wish to complete her regular job duties.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether or not Marilyn Young and/or Angela McMillan also spoke with Plaintiff regarding this matter, and denies that allegation on that basis.  Defendant denies the remaining allegations in paragraph thirteen of Plaintiff's Complaint.

14.     Defendant admits that because Plaintiff's doctor reported on multiple occasions that Plaintiff could work without restrictions, Plaintiff was required to complete her regular job duties, which included carrying luggage.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph fourteen of Plaintiff's Complaint, and therefore

denies them on that basis.

15. Defendant admits that because Plaintiff's doctor reported on multiple occasions that Plaintiff could work without restrictions, Plaintiff was required to complete her regular job duties, which included carrying luggage. Defendant asserts that no response is required to the remaining, argumentative allegations of paragraph fifteen of Plaintiff's Complaint; to the extent a response is required, Defendant denies them.

16. Defendant admits that Plaintiff attended a training in Dallas-Fort Worth in October 2009. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph sixteen of Plaintiff's Complaint, and therefore denies them on that basis.

17. Defendant denies the allegations in paragraph seventeen of Plaintiff's Complaint.

18. Defendant denies the allegations in paragraph eighteen of Plaintiff's Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nineteen of Plaintiff's Complaint, and therefore denies them on that basis.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty of Plaintiff's Complaint, and therefore denies them on that basis.

21. Defendant admits that Plaintiff filed for and was granted maternity leave pursuant to Defendant's maternity leave policy. Defendant also admits that, after her maternity leave expired, Plaintiff filed for and was granted additional leave under the Family and Medical Leave Act.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-two of Plaintiff's Complaint, and therefore denies them on that basis.

23. Defendant admits that Plaintiff submitted her resignation on March 19, 2010.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff attempted to obtain insurance in April 2010. Defendant denies the remaining

allegations in paragraph twenty-four of Plaintiff's Complaint.

25. Defendant denies the allegations in paragraph twenty-five of Plaintiff's Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-six of Plaintiff's Complaint.

27. Defendant denies the allegations in paragraph twenty-seven of Plaintiff's Complaint.

28. Defendant denies the allegations in paragraph twenty-eight of Plaintiff's Complaint.

29. Defendant denies the allegations in paragraph twenty-nine of Plaintiff's Complaint.

30. No answer is required to the request for a jury trial.  Defendant denies that Plaintiff is entitled to any damages.

31. Defendant admits that Plaintiff filed Charge of Discrimination with the Equal Employment Opportunity Commission alleging a violation of Title VII.  However, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's Charge was timely filed, and denies it on that basis.  Defendant admits that the EEOC issued Plaintiff a Notice of Right to Sue, and that such Notice was attached to the Complaint as an exhibit.

32. The unnumbered paragraph after paragraph thirty-one does not require a response.  To the extent that a response is required, Defendant denies the allegations contained within the unnumbered paragraph after paragraph thirty-one.

33. Defendant denies all remaining allegations not expressly admitted herein.

## II.
## AFFIRMATIVE DEFENSES

1. Defendant AE affirmatively pleads that Plaintiff has failed to state a claim upon which relief can be granted.

2. Subject to information developed in discovery, Plaintiff's claims are barred, in whole or in

part, by her failure to mitigate damages.

3. Defendant asserts that all employment decisions concerning Plaintiff were done for legitimate, business reasons, and Plaintiff's claims are barred, in whole or in part, by Plaintiff's own improper and/or unsatisfactory conduct in connection with her employment with Defendant.

4. To the extent that Plaintiff is able to prove that any improper motive was a factor in any relevant employment decision made by Defendant, Defendant would have made the same employment decision regarding Plaintiff regardless of any alleged improper motive.

5. To the extent that Plaintiff's allegations exceed the scope of her administrative charge, her claims based on those allegations are barred as a matter of law.

6. Plaintiff's claims are barred, in whole or in part, by her failure to exhaust her administrative remedies or to otherwise satisfy conditions precedent to maintain this action.

7. Plaintiff's claims are barred to the extent they involve transactions or events or seek damages for periods outside the applicable statute of limitations.

8. Defendant never authorized, ratified, or participated in any unlawful conduct involving Plaintiff.

9. Defendant is not liable for punitive damages because no agent of Defendant acted willfully or with malice or reckless disregard for the rights of Plaintiff; further, any such actions would have been contrary to the good faith efforts of Defendant to comply with federal discrimination law. There is no liability for punitive damages under the *Kolstad* doctrine.

10. Plaintiff's alleged compensatory and punitive damages for her Title VII claims are subject to the limitations as stated in the statute.

11. The punitive damages claimed by Plaintiff are unconstitutional, arbitrary, unreasonable, excessive, and violate Defendant's rights under the Fifth, Eighth, and Fourteenth Amendments of the

United States Constitution.

12. Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of the workers' compensation laws of the State of Louisiana.

13. All or part of Plaintiff's claims may be limited or barred in whole or in part by the doctrines of waiver or estoppel.

14. Defendant pleads the defense of offset for any earnings of Plaintiff since any alleged adverse employment action.

15. The Employment Retirement Income Security Act of 1984 preempts Plaintiff's claims pertaining to any denial or loss of any employee benefits.

16. Plaintiff's claims in this action are frivolous, groundless and brought in bad faith and/or brought for purposes of harassment. Accordingly, Defendant is entitled to recover its costs and attorney's fees from Plaintiff.

17. At present, Defendant is without information as to the availability and applicability of any other affirmative defenses in addition to those pled above, and reserves the right to amend this Answer to plead any affirmative defenses or matters of avoidance required by Rule 8 of the Federal Rules of Civil Procedure which may be revealed as discovery progresses.

**WHEREFORE**, Defendant respectfully requests the following relief:

a. That Plaintiff 's Original Complaint for Damages be dismissed;

b. That Defendant recover its allowable costs;

c. That Defendant recover its reasonable attorney fees incurred herein; and

d. That the Court award Defendant such other relief as it deems just and proper.

Respectfully Submitted,

*/s/ Tracey R. Wallace*

Steven M. Oxenhandler
Louisiana State Bar No. 28405
**GOLD, WEEMS, BRUSER, SUES AND RUNDELL**
2001 MacArthur Drive
Alexandria, LA  71307-6118
(318) 445-6471
(318) 445-6476  facsimile
soxenhandler@goldweems.com

Tracey R. Wallace
Texas State Bar No. 00797617
twallace@jw.com
Lauren E. Mutti
Texas State Bar No. 24050042
lmutti@jw.com
**JACKSON WALKER, L.L.P.**
901 Main Street
Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822  facsimile

**ATTORNEYS FOR AMERICAN EAGLE AIRLINES, INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that on this 23rd day of September, 2010, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Louisiana, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept that Notice as service of this document by electronic means:

Tamara Battles
1605 Murray Street, Suite 124
Alexandria, LA 71301

                                                */s/ Tracey R. Wallace*
                                                  Tracey R. Wallace